UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| In re ) | |
| ) | |
| DENNIS JAMES DUGGAN, ) | Case No. 6:06-bk-02512-KSJ |
| JENNIFER VIOLET DUGGAN, ) | Chapter 7 |
| ) | |
| Debtors. ) | |
| ) | |

MEMORANDUM OPINION OVERRULING TRUSTEE'S LIMITED
OBJECTION TO DEBTORS' CLAIM OF EXEMPTIONS

The Chapter 7 trustee, Leigh R. Meininger, asserts that the recent amendments to the Bankruptcy Code[1] give trustees a new power to object to a debtor's exemptions on behalf of domestic support obligation creditors ("DSO Creditors"), as defined in Section 104(14)(a) of the Bankruptcy Code, and then to liquidate the exempt property for their benefit. The Court disagrees and overrules the trustee's limited objection.

The facts are not in dispute. Dennis J. and Jennifer V. Duggan filed a Chapter 7 case on September 26, 2006. Both debtors scheduled DSO Creditors holding substantial claims.[2] They also share a residence and properly claimed the home as exempt under Florida law.[3] The debtors have substantial equity of approximately $133,000 in the home. The trustee indicates he has no non-exempt assets to administer for the benefit of general creditors.

The trustee timely gave the DSO Creditors notice of this bankruptcy, as required by Section 704(c)(1)(A) of the Bankruptcy Code. The trustee also filed a separate notice that he

---

[1] Unless otherwise stated, all references to the Bankruptcy Code herein refer to Title 11 of the United States Code.

[2] The debtors listed domestic support obligations due to the Massachusetts Department of Revenue ($44,000) and to the Florida Department of Revenue ($13,000). Neither creditor has filed a proof of claim in this asset case.

[3] The parties agree that the home is exempt, except to the extent the trustee is authorized to liquidate otherwise exempt property for the benefit of the DSO Creditors.

intended to liquidate the home in order to pay the DSO Creditors in this case (Doc. No. 22) and a limited objection to the debtors' claim of exemption in their home (Doc. No. 30), arguing that Bankruptcy Code Sections 522(c)(1), 522(a)(1)(C), and 507(a)(1) authorize him to sell the debtors' home and administer the proceeds in this Chapter 7 case.  The objection is limited because the trustee seeks to liquidate the home only to the extent necessary to pay the claims of the DSO Creditors.

To date, at least five courts have considered the issue of whether the newly revised Section 522(a), as amended by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA"), now empowers trustees to liquidate a debtor's exempt assets and to pay DSO Creditors.  After thoroughly analyzing the BAPCPA amendments, each court concluded that Section 522(c)(1) does not provide a basis for the trustee to object to a debtor's claim of exemptions and that it does not allow a trustee to administer exempt property for the benefit of a DSO Creditor. See In re Waters, No. 06-31410-WRS, 2007 WL 1834901 (Bank. M.D. Ala. June 25, 2007); In re Vandeventer, No. 06-71719, 2007 WL 438258 (Bankr. C.D. Ill. April 20, 2007); In re Quezada, No. 06-15240-BKC-RAM, 2007 WL 438258 (Bankr. S.D. Fla. Feb. 7, 2007); In re Ruppel, No. 06-60961-FRA7, 2007 WL 108941 (Bankr. D. Or. Jan. 9, 2007); In re Covington, No. 06-21066-A-7, 2006 WL 2734253 (Bankr. E.D. Cal. Sept. 22, 2006). This Court agrees with the reasoning of these cases and similarly holds that, although DSO Creditors are entitled to the highest priority in our bankruptcy distribution scheme pursuant to Section 507(a)(1) of the Bankruptcy Code, the amendments to Section 522 do not grant any new powers to Chapter 7 trustees to file objections to exempt property or to liquidate exempt property on behalf of DSO Creditors.

Rather, Section 522(c)(1) of the Bankruptcy Code, at best, gives DSO Creditors, and only DSO Creditors, the right to seek the liquidation of otherwise exempt property to pay their claims. In this case, no assets, other than exempt assets, exist to pay the claims of general or priority creditors. However, in other asset cases, the Chapter 7 trustee *may* have gathered assets available for distribution to general unsecured creditors. If these general unsecured creditors would be harmed by a DSO Creditor's failure to liquidate exempt property, perhaps they should consider assisting or encouraging DSO Creditors in their efforts in an attempt to maximize the distributions to general unsecured creditors. However, in the end, only the DSO Creditor is entitled to pursue collection, not the Chapter 7 trustee and certainly not other creditors. Accordingly, the Court will overrule the Trustee's Limited Objection to Amended Schedule C (Doc. No. 30). A separate order consistent with this memorandum opinion shall be entered.

DONE AND ORDERED in Orlando, Florida, on August 15, 2007.

KAREN S. JENNEMANN
United States Bankruptcy Judge

Copies provided to:

Debtors: Dennis J. and Jennifer V. Duggan, 4705 Spottswood Drive, Orlando, FL 32812

Debtor's Counsel: Paul L. Urich, Esquire, 1510 East Colonial Drive, Suite 204, Orlando, FL 32803

Leigh R. Meininger, Trustee, P.O. Box 1946, Orlando, FL 32802-1946

John H. Meininger, Attorney for Trustee, P.O. Box 1946, Orlando, FL 32802-1946

United States Trustee, 135 W. Central Blvd., Suite 620, Orlando, FL 32801